O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD RODRIGUEZ, | ) | Case No. CV 15-01109 DDP (PJWx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S MOTION** |
| v. | ) | **TO DISMISS** |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | [Dkt. 24] |
| _____ | ) | |

    Presently before the court is Defendant Federal Express Corporation ("FedEx")'s Motion to Dismiss.  Having considered the submissions of the parties, the court grants the motion and adopts the following Order.

**I.  Background**

    In 2011, Plaintiff was employed as an Aviation Maintenance Technician at a FedEx facility at LAX airport.  (First Amended Complaint ("FAC") ¶ 7.)  In November 2011, Plaintiff asked FedEx to contact the Federal Aviation Administration in regard to what Plaintiff believed to be certain maintenance deficiencies regarding a "Banjo Fitting" repair.  (Id. ¶ 10.)  Plaintiff told management that several mistakes had been made on the repair and he did not

want responsibility for it.  (Id. ¶ 11.)  Plaintiff refused to make the repair because he would not be able to later represent that the repair job was adequate.  (Id. ¶ 12.)

The FAC alleges that FedEx managers then began disparaging and harassing Plaintiff and retaliating against him.  (Id. ¶ 13, 15.)  After raising a concern about retaliation, Plaintiff was given an unpleasant work assignment usually reserved for outside vendors.  (Id. ¶ 15.)  Plaintiff alleges that in February 2012 he was falsely accused of insubordination and harassment, and was later terminated on December 28, 2012 for lack of progress on work assignments when, in reality, he was waiting for inspections to be completed.  (Id. ¶¶ 16, 18.)

Plaintiff filed suit in state court alleging a single cause of action for retaliation of public policy in violation of California Labor Code Section 1102.5.  FedEx removed to this court and moved to dismiss.  This court granted the motion with leave to amend, noting that Plaintiff conceded that he alleged no claim under Labor Code Section 1102.5(b) and had not alleged facts to support a claim under either Section 1102.5(a) or (c).[1]  (Dkt. 20.)  Plaintiff filed the FAC, and FedEx once again moves to dismiss.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S.

---

[1] The applicable version of subsection (a) prohibits employers from discouraging employees from disclosing to government agencies information the employees reasonable believe to disclose a violation of a state or federal law, while subsection (c) prohibits retaliation against an employee who refuses to participate in a violation of state or federal law.  Cal. Labor Code § 1102.5.

2

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth."  Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level."  Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

**III. Discussion**

Defendant first argues that Plaintiff should be collaterally estopped from bringing this action because the same claim has already been adjudicated in an administrative proceeding.

3

"Collateral estoppel precludes relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action. The purpose of the collateral estoppel doctrine is to preclude parties from contesting matters that they have had a full and fair opportunity to litigate." Blum v. KPMG LLP, No. SACV 11-01885-CJC, 2012 WL 8704117 at *4 (internal quotations and citations omitted). In Murray v. Alaska Airlines, Inc., 50 Cal. 4th 860 (2010), the California Supreme Court, upon certification of the question from the Ninth Circuit, addressed whether a final decision on an administrative complaint filed under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21") precluded a subsequent state court suit under Labor Code Section 1102.5. The court held that an AIR-21 proceeding satisfied all of the prerequisites necessary to establish preclusive effect, even where the complainant failed to avail himself of all available opportunities to be heard. Murray, 50 Cal. 4th at 868-69, 877-79.

Plaintiff here, like the plaintiff in Murray, filed a complaint under AIR21. (RJN II, Ex. A.) Plaintiff's AIR21 complaint alleged that FedEx retaliated against him "for reporting air safety issues at FedEx Express." (Dkt. 13, RJN I, Ex. 1 at 1.) The administrative law judge determined that "several disciplinary actions from January-February 2012 until [Plaintiff's] eventual termination on or about December 28, 2012" were not related to any protected activity. (Id.) The ALJ later dismissed the case with prejudice. (RJN I, Ex. 2.)

Plaintiff's only argument against collateral estoppel is that his AIR21 complaint concerned different factual issues from those in this case because his AIR21 complaint was about "retaliation for

4

reporting air safety issues at FedEx" while the FAC here concerns "whether Plaintiff was retaliated against for refusing to engage in illegal activities." (Opposition at 9.) Even putting aside the question whether there is any difference to that distinction, Plaintiff's argument is at odds with the AIR21 complaint itself, which alleged that Plaintiff was harassed and terminated "in retaliation for reporting unsafe aircraft maintenance <u>and refusing to conduct aircraft maintenance without proper documentation</u> . . . ." (RJN II, Ex. 1 at 4 (emphasis added).) The FAC, therefore, does not concern any facts that were not already considered, and rejected, by the ALJ in the AIR21 proceeding. Plaintiff is therefore collaterally estopped from re-raising those issues here.[2]

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. The FAC is DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: February 2, 2016

DEAN D. PREGERSON
United States District Judge

---

[2] The court need not, therefore, address the sufficiency of Plaintiff's allegations under Labor Code Section 1102.5(a) or (c). The court notes, however, that there is no allegation that FedEx had any rule or policy regarding disclosures to government agencies, nor that Plaintiff attempted or desired to directly make such a disclosure. Cal. Labor Code § 1102.5(a). As for subsection (c), FedEx's assertion that Plaintiff's original Complaint alleged that he did <u>not</u> refuse to perform a repair is misplaced, as the original Complaint referred to a fuel tank repair, not a Banjo Fitting repair. Nevertheless, the original Complaint did not allege any refusal to perform a Banjo Fitting repair.

5